32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph BOUMA, Plaintiff-Appellant,
v.
Anita WHITE, Defendant-Appellee.
 No. 93-35865.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Bouma appeals pro se the district court's order granting defendant's motion to dismiss his 42 U.S.C. Sec. 1983 action pursuant to Fed.R.Civ.P. 12(b)(6). Bouma contends that Anita White, the Clerk of Court for Pondera County, Montana, deprived him of his constitutional right to access to court by failing to file certain documents and a corresponding judgment by default relating to a twenty-year-old lawsuit. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.[1]
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992).
 
 
 4
 In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Buckey v. Los Angeles, 957 F.2d 652, 654 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).
 
 
 5
 Under Montana law, the clerk of court can enter a default judgment only when service of process is proper, and where the monetary request is for a sum certain. Mont.R.Civ.P. 55(b)(1).
 
 
 6
 In January 1991, Bouma challenged a Montana Supreme Court decision that affirmed summary judgment in a real estate contract dispute pursuant to Mont.R.Civ.P. 60(b)(4). In his petition, he named "The Court" as the respondent, and failed to include a certificate of service. In October 1991, Bouma filed certain documents requesting entry of default. In November 1991, Bouma filed a default judgment seeking injunctive relief in the form of an order holding the previous rulings of the Montana courts void, and requesting that the court award him with the disputed property. Per instructions from state court Judge McPhillips, White did not file the presented documents, nor enter judgment. Because Bouma was not seeking monetary relief, White was precluded from entering a default judgment. See Mont.R.Civ.P. 55(b)(1). Thus, Bouma's claim that White deprived him of his constitutional right to access to court is without merit because he fails to state a cognizable legal theory. See Balistreri, 901 F.2d at 699.
 
 
 7
 Accordingly, the district court did not err in dismissing Bouma's 1983 action pursuant to Fed.R.Civ.P. 12(b)(6). See Buckey, 957 F.2d at 654.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's dismissal of Bouma's action pursuant to Fed.R.Civ.P. 12(b)(6), his September 27, 1994 motion for summary reversal is denied as moot